Bay, J.
who sat on the trial of Hopkins, and who was present when the motion for the new trial was made, said he remembered that this point was much pressed on the court by Hopkins’s counsel, on the motion for a new trial; and the more especially, as it was suggested, in the course of the argument, that Thompson, who had made the affidax it, in that case, was a man of a very bad character; which point was not then contradicted by the court, (being a new one,) but admitted. Though his mind, upon mature reflection since, was by no means satisfied with the admission of the doctrine then insisted on by the counsel for Hopkins„ For it was easy to see that if the Court were precluded from examining into, and judging of the credibility of the *380 persons making, these kind of affidavits, or directing further inquiries or examinations on the subject, it would be cutting up the justice of the country by the roots, though the ground on which the court ordered a new trial was a legal one i for if the affidavit of Thompson was true, it turned upon the declaration of the foreman of the jury, previous to the trial, which was good cause for granting a new trial. In Salk. 64-0. a new trial was granted upon an affidavit that the foreman declared before the trial that the plaintiff never should have a verdict, whatever witnesses he produced. 2 Mor. 29. Co. Liit. 158.
‘¡She credJbility of witnesses making af-Ground motions for_new trials, or in nr-rest of judg-niOiiL, ike. miis’i be tKxen aiit.-i by the cejtate'rei!'
Whenever ofa jum-isto be impeached as tho ground of motion for a new trial, a copy of the affidavits, on ivhieh tho motion is to bo grounded, ought to he sewid on such juror a reasonable time previous, in order that lie may luue an opportunity of exculpating himsdij on oath ; otherwise such affidavit ought not to be read.
The Court, .therefore, at this stage of the cause, took an . ... , . opportunity or giving their sentiments seriatim on this point, 311 ^ were At of opinion, substantially, that the doctrine on the former occasion, in Hopkins’s case, and now again in-_ ’ r ’ ° sisted on, bv which it was contended, that the court was ” precluded from judging of the truth of these affidavits, or of the credibility of the persons making them, and that they oug^lt to l)e admitted as a matter of course, would be a most dangerous and mischievous doctrine to. the community, and ought to be rejected. For that it was the duty of the judges t0 judge, from the necessity of the case, not only of the crc-dibility of the witnesses brought forward in this manner, to destroy the verdict of twelve men upon their oath, but to inquire into and sift such affidavits with an exact and scrupulous attention ; and to direct any other examinations which could in any manner develope the truth of the matter; as no other body of men could, at this stage of proceedings, take it under consideration but the judges. The court were further of opinion, that no such affidavits, calling in question the verdict of a jury, should in future be received, unless copies of them should be previously served on such juror or jurors whose conduct may be called in question, and a reasonable time allowed to answer them.* And that *381 the requiring such notice would tend to check applications of this sort, which were not well founded ; and the case of Hopkins shewed very strikingly the necessity of laying down this rule»
The Court then directed the further examination of Mary Merriman, on oath, viva voce, in court, touching the time, place, manner and circumstances of the conversation sworn to, and the declarations of Howard, and who were present, &c. when it appeared that there were such manifest inconsistencies, both in her affidavit and what was further deposed by her at the bar, that the court could not think themselves justifiable in ordering a new trial ; because, if the matters contained in the affidavit itself, and what she further swore to, were true — it could only amount to loose conversation, or discourse of a juryman after verdict, not on oath, which shall never be allowed, in law, to set aside a verdict solemnly delivered in. on oath, in court, to which every individual juror has given his assent. 1 Durn. & East, 11. 2 Ibid. 282. 2 Black. Rep. 1300. In the case of Hopkins, so much relied on, the conversation there sworn to was alleged to have been before trial, and came within the rule in I Salk. 645. which, if true, evinced an unpardonable degree of partiality and malice, in prejudging a case, so as to ailed the life of a citizen, before he had heard the evidence. It: was such an improper bias as struck at his capacity at once, as a juror ; whereas, in the present case, the conversation sworn to, was a clay after the trial, contrary to what the juror himself had assented to on oath, in court, and particularly went to falsify matters of fact which were rendered certain, by the judge’s notes of what the witnesses proved on the trial. That this affidavit had, upon the very face of it, disappearance of contrivance, or the juror himself must have said what was not true ; as he is made to say, that the jury went contrary to, or did not go by, the evidence ; whereas it appears, from the judge’s report who tried the cause, that the verdict was well warranted by the evidence given on the trial. It was therefore evident, upon the whole, that what *382 this juror is made to say, in this affidavit, was at variance both with the verdict delivered in, and also with what was proved by the witnesses on the trial; for which reason the court were of opinion that a new trial ought not to be granted.
Grimke, J.
then pronounced sentence of death on the prisoner, and ordered him for execution on the tenth of December following, at Orangeburgh ; but previous to that day,
The prisoner broke gaol and escaped.
N. B.
The report of this case has been perused by the Chiee Justice, and Burke, J. who have concurred with the other judges, in the law and principles laid down at Co« lumbia, on this occasion.
The prisoner was retaken after the above escape, and afi ter identifying his person at a future court, was again or» dered for execution and suffered.

 Vide, 2 Morgan, 25. where it is laid down,. that if jurymen refuse to clear them selves on oath, a new trial will be granted ; -which shews the propriety of serving them with copies of these affidavits.